UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERMI LLC, a Delaware limited liability company,<br><br>          Plaintiff,<br><br>v.<br><br>SPORTSTEK MEDICAL, INC., a California corporation; and DANE JENSEN, an individual,<br><br>          Defendants. | Case No.: 19cv0608 DMS (LL)<br><br>**ORDER (1) DENYING AS MOOT MOTION TO DISMISS, (2) DENYING WITHOUT PREJUDICE MOTION FOR SUMMARY JUDGMENT AND (3) DEFERRING RULING ON MOTION TO STAY** |

This case comes before the Court on Defendant's motion to dismiss or, in the alternative, motion for summary judgment, and motion to stay. Plaintiff filed an opposition to the motion, and Defendant filed a reply.

After Defendant filed its motion, Plaintiff filed a First Amended Complaint in which it removed Mr. Jensen as a Defendant, along with its claims for willful and indirect infringement. In light of that filing, the Court denies Defendant's motion to dismiss as moot. *See Ramirez v. County of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015) (stating motion to dismiss first amended complaint should have been deemed moot upon filing of second amended complaint).

///

On Defendant's motion for summary judgment, Plaintiff's counsel states "that, at such an early stage of litigation, ERMI cannot effectively respond substantively to any motion for summary judgment." (Decl. of Patrick Horne in Supp. of Opp'n to Mot. ¶ 9, ECF No. 15-1.) Plaintiff correctly notes this kind of general declaration is insufficient to avoid summary judgment. Rather, "[a] party requesting a continuance pursuant to Rule 56(f) must identify by affidavit the specific facts that further discovery would reveal, and explain why those facts would preclude summary judgment." *Tatum v. City and County of San Francisco*, 441 F.3d 1090, 1100 (9th Cir. 2006).[1] Nevertheless, Defendant appears to agree that specific, targeted discovery may be appropriate here. (*See* Reply Br.) Accordingly, the Court denies without prejudice Defendant's motion for summary judgment and orders the parties to contact the Magistrate Judge's chambers to schedule an Early Neutral Evaluation conference at the earliest possible date to discuss what discovery is necessary for the Court to resolve the issues raised in Defendant's motion for summary judgment, and a timeline for completing that discovery. Once that discovery is completed, Defendant may file a renewed motion for summary judgment.

On the motion for stay, Defendant states in its reply brief that the Court should defer ruling on that motion pending a decision on any motion for summary judgment. (*Id.* at 8-10.) Accordingly, the Court defers ruling on Defendant's motion to stay pending resolution of the summary judgment issues.

**IT IS SO ORDERED**.

Dated: June 28, 2019

Hon. Dana M. Sabraw
United States District Judge

---

[1] In the 2010 Amendments to Rule 56, subdivision (f) was revised "without substantial change" into subdivision (d). *See* Fed. R. Civ. P. 56 advisory committee's notes (2010 amendment).

2

19cv0608 DMS (LL)